IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEXTER SCOTLAND,                          :
                                          :
         Petitioner,                      :        CIVIL NO. 1:CV-09-01818
                                          :
    v.                                    :        (Judge Rambo)
                                          :
JANINE DONATE,                            :
                                          :
         Respondent                       :

## M E M O R A N D U M

Petitioner Dexter Scotland ("Scotland"), presently a detainee of the United

States Immigration and Customs Enforcement ("ICE"), incarcerated at the

Lackawanna County Prison in Scranton, Pennsylvania, filed the instant petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 22, 2009.  (Doc. 1.)

Scotland is seeking release from continued detention pending his removal from the

United States.  For the reasons that follow, Scotland's petition will be referred to ICE

as a request for review under 8 C.F.R. § 241.13.

## I.    Background

Scotland, a native and citizen of Antigua, is subject to a final order of removal

from the United States entered in August 2008, which he does not contest.  (Doc. 1 at

3.)  ICE took custody of him on May 15, 2008.  (*See Scotland v. Donate*, Civ. No.

1:09-cv-00826, Doc. 8 at 4 (June 18, 2009) (Rambo, J.).)  On June 15, 2009, he was

given a custody file review in accordance with 8 C.F.R. § 241.4, but was denied

release from custody at that time.  (Doc. 1 at 15, Decision to Continue Detention.)

Scotland indicates that, to date, ICE has been unable to remove him to Antigua.

(*Id*. at 4.)  He represents that he would not pose a threat to society and is not a flight

risk.  (*Id*. at 3, 6-7.)  He argues that he has been in custody for more than six months

and is seeking release pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).

## II.    Discussion

Detention, release, and removal of aliens ordered removed is governed by the

provisions of 8 U.S.C. § 1231.  Under § 1231(a), the Attorney General has ninety

days to remove an alien from the United States after his order of removal, during

which time detention is mandatory.  *See* 8 U.S.C. § 1231.

The statute "limits an alien's post-removal-period detention to a period

reasonably necessary to bring about the alien's removal from the United States.  It

does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689.  "Once removal is

no longer reasonably foreseeable, continued detention is no longer authorized by

statute." *Id*. at 699.  To establish uniformity in the federal courts, a period of six

months was recognized as a "presumptively reasonable period of detention." *Id*. at

701.  If at the conclusion of the six month period the alien provides good reason to

believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id*. Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

Following *Zadvydas*, regulations were promulgated to meet the criteria established by the United States Supreme Court. *See* 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonable foreseeable future. 8 C.F.R. § 241.13(d)(1).

In the instant case, the mandatory detention period has expired, and the record indicates that a custody file review was completed. Jurisdiction to make a determination concerning Scotland's custody would now lie with the HQPDU. *See* 8 C.F.R. § 241.4(c)(1), (h). In fact, in ICE's June 15, 2009 Decision to Continue Detention, Scotland was informed that "[i]f you have not been released or removed from the United States by September 19, 2009, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU) . . . . HQPDU will make a final determination regarding your custody." (Doc. 1 at 15.) Scotland asserts that he has sent HQPDU a written request for release, but it does not appear that the HQPDU has made a final determination with respect to Scotland's custody. Consequently, ICE will be ordered to treat the petition as a further request for release under 8 C.F.R. § 241.13. ICE shall respond to the request within thirty days.

Having referred the issue of release to the government for disposition under existing review procedures, Scotland's petition will be denied.

An appropriate order will issue.

s/Sylvia H. Rambo<br>
United States District Judge

Dated: October 1, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEXTER SCOTLAND,** | : | |
| | : | |
| **Petitioner,** | : | **CIVIL NO. 1:CV-09-01818** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **JANINE DONATE,** | : | |
| | : | |
| **Respondent** | : | |

## **O R D E R**

**AND NOW**, this 1st day of October, 2009, for the reasons set forth in the

accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) As of the date of this order, ICE shall treat the petition for writ of habeas

corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13.  ICE shall provide

Petitioner with a response to his request within thirty (30) days.

2) The Clerk of Court is directed to serve a copy of the petition and this order

on Respondent and the United States Attorney.

3) The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

4) The Clerk of Court is directed to **CLOSE** this case.

s/Sylvia H. Rambo
United States District Judge
